[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 99-1614

KEVIN LYNCH; KEVIN BABINEAU,

Plaintiffs, Appellants,

v.

SHEILA HUBBARD,

Defendant, Appellee.

No. 99-1936

GARY R. DONAGHY,

Plaintiff, Appellant,

v.

SHEILA HUBBARD,

Defendant, Appellee.

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]
[Hon. George A. O'Toole, Jr., U.S. District Judge]

Before

Boudin, Stahl and Lynch,
Circuit Judges.

------------

Kevin Lynch and Kevin Babineau on brief pro se.
G.R. Donaghy on brief pro se.
Thomas F. Reilly, Attorney General, William J. Meade, Assistant Attorney General, and Joseph T. Thai, Assistant Attorney General, on briefs for appellee.

------------

------------

**Per Curiam**.  Having reviewed these two cases in tandem due to the overlap in issues, we affirm both judgments substantially for the reasons set forth in Judge O'Toole's opinion in No. 99-1614.  See 47 F. Supp. 2d 125 (D. Mass. 1999).  We add only the following comments.

In No. 99-1614, we need not decide whether the methodology prescribed by Sandin v. Conner, 515 U.S. 472 (1995), is applicable in the parole context.  As Judge O'Toole explained, whether one scrutinizes the parole statute for "mandatory language" and "substantive predicates," see, e.g., Board of Pardons v. Allen, 482 U.S. 369 (1987), or whether one asks whether an "atypical and significant hardship" has been imposed for purposes of Sandin, plaintiffs' attempt to establish a liberty interest fails.  The extent to which our decision in Hamm v. Latessa, 72 F.3d 947, 954 (1st Cir. 1995), resolved the issue of Sandin's applicability need not here be determined.

In No. 99-1936, one of plaintiff's complaints is that the "full membership" of the Parole Board did not properly participate in his hearing.  To the extent this claim relies on equal protection, the dismissal thereof is summarily affirmed, inasmuch as plaintiff has not alleged

-3-

any differential treatment of a protected class to which he belongs. To the extent this claim rests on state law, the dismissal is without prejudice to the pursuit of any available relief in state court.

In both cases, we find no need to address defendant's contention that, under <u>Heck</u> v. <u>Humphrey</u>, 512 U.S. 477 (1994), and related cases, plaintiffs' challenges to the Massachusetts parole procedures should have been pursued in a habeas action rather than in a suit under 28 U.S.C. § 1983. However the <u>Heck</u> issue might be resolved, it does not pose any concern as to our jurisdiction under Article III. <u>Parella</u> v. <u>Retirement Bd. of the Rhode Island Employees' Retirement System</u>, 173 F.3d 46, 54 (1st Cir. 2000)

<u>Affirmed.</u>